NOT FOR PUBLICATION

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

|  |  |
|---|---|
| LISA S. SMITH,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MARCUS & MILLICHAP REAL<br>ESTATE INV. BROK. CO., and<br>THE MARCUS & MILLICHAP CO.<br><br>　　　　　Defendants. | Civil Action No. 06-cv-1968 (PGS)<br><br>OPINION |

**<u>SHERIDAN, U.S.D.J.</u>**

　　　　Plaintiff, Lisa S. Smith was employed by the Marcus & Millichap Real Estate Investment Brokerage Company's ("MMREIBC") from 2002 to 2004.  She filed the instant action against MMREIBC and The Marcus & Millichap Company ("TMMC") seeking damages on theories of sexual harassment, unlawful retaliation and hostile work environment.  Defendant, TMMC, now moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) claiming that plaintiff fails to state a claim upon which relief can be granted.  Specifically, TMMC claims that as a parent company it cannot be held liable for a subsidiary's discriminatory acts absent extraordinary circumstances.

I.

　　　　In June, 2002, Plaintiff, Lisa Smith, was hired as an office and operations manager of MMRIEBC (a California Corporation), and worked in the Fort Lee, New Jersey office until her termination on October 11, 2004.  During her tenure with MMREIBC, plaintiff alleges male agents regularly talked about their sexual exploits, displayed pornography and circulated it via e-mail, made

sexually offensive comments, and inappropriately touched her. According to plaintiff, her complaints of sexual harassment were largely ignored by management.

On or about January 19, 2006, plaintiff filed the instant Complaint in the Northern District of California. On February 3, 2006, Defendants filed this motion as well as a motion to transfer the case for convenience. Prior to deciding either motion, the California District Court required TMMC to answer ten interrogatories regarding its corporate relationship with MMREIBC. Thereafter, the motion to transfer was granted on March 17, 2006 and the action was transferred here. Accordingly, the remaining motion by TMMC to dismiss for failure to state a claim is before this court.

II.

On a motion to dismiss for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that

these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

### III.

In the instant motion, TMMC, a parent company claims it cannot be liable for a subsidiary's allegedly discriminatory practices absent an "extraordinary" or "rare" circumstance. In response, Smith claims that TMMC is so "intricately intertwined" with the operation of MMREIBC, that it is accountable for the subsidiary's actions.

The analysis here is whether TMMC can be deemed an employer pursuant to Title VII. The statute reads in part that it is unlawful for an employer "to discriminate against an individual with respect to his [or her] compensation, terms, condition, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "If the defendant is an employer, as defined by the statute, he or she may be sued under Title VII." *Johnson v. Cook*, 2000 WL 249251, *3 (D.N.J. 2000)(quoting *Doe v. William Shapiro, Esq. P.C.*, 852 F.Supp. 1246, 1253 (E.D.Pa. 1994). In the leading case in this circuit on parent subsidiary liability, *Marzano v. Computer Science Corp., Inc.*, 91 F.3d 497 (3d Cir. 1996), the Third Circuit held a parent corporation cannot be held liable under Title VII in most instances. In *Marzano*, the Court found a parent corporation could be held accountable as an "employer" only when it can be established that the subsidiary is a "mere instrumentality of the parent corporation." *Marzano*, 91 F.3d at 513. In analyzing the law in other circuits, the *Marzano* Court found that there is a "strong presumption that the subsidiary, not the parent, is the employer," and other circuits "have found parent corporations to be employers only in extraordinary circumstances." *Marzano*, 91 F. 3d at 513. (citing, *Johnson v. Flowers Industries, Inc.*, 814 F.2d 978, 980 (4th Cir. 1987); *See also*, *Frank v.*

*U.S. West, Inc.*, 3 F.3d 1357, 1363 (10th Cir. 1993)). Subsequent to *Marzano*, Judge Irenas set out a four prong test to be utilized in determining whether a parent company can be liable for a subsidiary's discriminatory acts. In *Johnson v. Cook*, Judge Irenas ruled that "based on the Third Circuit's decision in *Marzano* and the strong support shown in the other circuits," a four-factor "integrated enterprise" test was the most appropriate test to determine parent corporation liability in the employment discrimination context. *Johnson v. Cook*, 2000 WL 249251 at *4 (*McNeal v. Maritank Philadelphia, Inc.*, 1999 WL 80268, *7 (E.D.Pa. 1999); *Brown v. Vitelcom, Inc.*, 47 F.Supp.2d 595, 600 (D.Vi. 1999); *Martin v. Safeguard Scientifics, Inc.*, 17 F.Supp.2d 357, 363 (E.D.Pa. 1998); *Wood v. Southern Bell Tel. & Te. Co.*, 725 F.Supp. 1244, 1248 (N.D.Ga. 1989)). This test requires the court to review four factors. They are: (1) inter-relation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial controls. *Johnson v. Cook*, 2000 WL 249251 at *4. *McNeal*, 1999 WL 80268 at *7. "These factors should not be applied mechanically, but rather are to be viewed within the totality of the circumstances in the specific case." *Johnson v. Cook*, 2000 WL 249251 at *4 (quoting *Daliesso v. Deputy, Inc.*, 1998 WL 24330, *3 (E.D.Pa. 1998).

      TMMC claims that they are a Palo Alto-based company which partially owns MMREIBC. TMMC alleges that it had nothing to do with plaintiff's hiring, firing, or any of the alleged harassment.  According to defendant, TMMC neither exercises control over the day-to-day employment decision, nor shares common management, ownership or financial controls.  Plaintiff, on the other hand, contends that TMMC provides "administrative service and support" to MMREIBC and TMMC and MMREIBC are "intrinsically intertwined." In answer to the ten interrogatories authorized by the California District Court, TMMC concedes that it performs and

shares some administrative functions with MMREIBC, including (a) payroll processing, (b) outsourcing TMMC's human resources department to MMREIBC, (c) sharing joint databases, (d) sharing four common directors, and (e) maintaining a common Director of Human Resources.  In addition, the employee manual, entitled "Marcus & Millichap Employee Manual" makes no distinction between MMREIBC, TMMC or any other Marcus & Millichap entity.   Pursuant to the "integrated enterprise" test which is a fact sensitive analysis, it appears that there are sufficient common activities of the companies to defeat the motion at this early juncture in the litigation.

Motion to dismiss is denied.

October 24, 2006                                                         S/ *Peter G. Sheridan*               
                                                                                        PETER G. SHERIDAN, U.S.D.J.